NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0106n.06

No. 12-3353

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 30, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| BRYAN K. WILLIAMS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  MARTIN, SUHRHEINRICH, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Defendant-appellant Bryan K. Williams appeals the district court's order finding him ineligible for a sentence reduction.  Williams pled guilty to three counts of trafficking in crack cocaine and one count of being a felon in possession of a firearm.  The district court sentenced Williams to 135 months' imprisonment.  In February 2012, Williams filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), which the district court denied.  The issue on appeal is whether Williams, who was subject to a mandatory minimum sentence that exceeded the guideline range produced by his total offense level and criminal history category, but sentenced below the mandatory minimum because of his substantial assistance, is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 750 lowered the U.S.S.G. § 2D1.1(c) base offense level for the crack cocaine conviction to which he pled

-1-

guilty. For the following reasons, we affirm the district court's order finding Williams ineligible for a sentence reduction.

I.

The indictment, filed on October 15, 2003, charged Williams with three counts of distributing a substance containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Williams signed a plea agreement on January 8, 2004, pleading guilty to all four counts.

The U.S. Probation Office prepared a Presentence Investigation Report ("PSR") using the 2002 version of the United States Sentencing Guidelines. According to the PSR, both parties agreed to a base offense level of 32, as determined by the drug quantity table in U.S.S.G. § 2D1.1(c) and the amount of crack cocaine being at least 111.6 grams. The PSR then stated that the parties agreed that Williams had been convicted of a prior felony drug offense, which caused the government to file a penalty enhancement under 21 U.S.C. § 851(a). The basis for this penalty enhancement was 21 U.S.C. § 841(b)(1)(A), which provided that an individual who distributed five kilograms or more of a substance with a detectable amount of crack cocaine and had a prior conviction for a felony drug offense must be sentenced to a term of imprisonment not less than twenty years. The parties also agreed that, so long as certain conditions were fulfilled, the government would move for a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b) and a two-level downward departure for substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

At the sentencing hearing, the court first stated that the base offense level was 32. It decreased the offense level by two for acceptance of responsibility. The court then stated, "[h]owever . . . [o]n count 2 there is a mandatory minimum of 20 years to life." Next, the court

granted the government's § 3553(e) motion and departed downward by two. The court summarized: "to go back over the calculations, the base offense level would be 34 . . . . Acceptance of responsibility, there's two levels, so we're at a 32 . . . . The two-level downward departure puts us at 30, and with a 30 and a criminal history category of IV, we are looking at a sentencing guideline range of 135 to 168 [months' imprisonment]." It sentenced Williams to 135 months' imprisonment. On February 29, 2012, Williams filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Williams's motion, finding him ineligible for a sentence reduction. Williams appealed.

## II.

The U.S. Sentencing Commission has amended the United States Sentencing Guidelines to reduce the disparity between sentences for offenses arising out of powder and crack cocaine. *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012); *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010). In 2007, the Commission issued Amendment 706, which reduced the base offense level for most crack cocaine offenses by two. *Dillon*, 130 S. Ct. at 2688. Soon thereafter, the Commission adopted Amendment 713, which applied Amendment 706 retroactively. *Id.* On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA), which increased the amount of crack cocaine necessary to trigger the mandatory minimums for trafficking offenses. *Dorsey*, 132 S. Ct. at 2329. The FSA instructed the Commission to amend the guidelines as necessary to achieve consistency with other guideline provisions and applicable law. *Id.* Accordingly, the Commission passed emergency amendments to the guidelines, which became permanent on November 1, 2011. *Id.* Amendment 750 reduced the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses, and Amendment 759 made Amendment 750 retroactive. *United States v. Jackson*, 678 F.3d 442, 443 (6th

Cir. 2012). The FSA, however, does not retroactively amend the statutory mandatory minimum sentence that applies to Williams, 21 U.S.C. § 841(b)(1).[1] *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

Here, the district court held that Williams was ineligible for a sentence reduction based on Amendments 750 and 759. "[T]he district court's determination that the defendant is ineligible for a sentence reduction is a question of law that is reviewed *de novo*." *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). Generally, a district court may not modify a defendant's sentence after it has been imposed. 18 U.S.C. § 3582(c). However,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Accordingly, two conditions must be fulfilled for a defendant to be eligible for a sentence reduction under § 3582(c)(2): (1) the defendant was sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Commission pursuant to 28 U.S.C. § 994(o); and (3) the reduction is consistent with the Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). The applicable policy statements provide, in part, that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under

---

[1]In his reply brief, Williams argues that this court should apply the FSA's amendment to the statutory mandatory minimum prospectively to him. However, "[i]ssues raised for the first time in a reply brief are not properly before this court." *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993). In *Dorsey*, the Supreme Court held that the penalties of the FSA apply to offenders who committed crimes before the effective date of the Act, but were sentenced after that date. 132 S. Ct. at 2326. The defendant in *Carradine*, by contrast, was sentenced prior to the effective date of the FSA. 621 F.3d at 578.

18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A.

Pursuant to 28 U.S.C. § 994(o), the Commission issued Amendment 750, which amended the drug quantity table in U.S.S.G. § 2D1.1(c) by lowering the base offense levels for crack cocaine offenses. *Martin v. United States*, 834 F. Supp. 2d 115, 135–36 (E.D.N.Y. 2011). We must therefore first determine whether Williams's sentence was "based on" a sentencing range that was lowered by Amendment 750. "To ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment." *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring). To determine the basis for the term of imprisonment, this court evaluates "what the district court actually said and did at the original sentencing." *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (quoting *United States v. Hargrove*, 628 F. Supp. 2d 241, 244 (D. Mass. 2009)).

In this case, the transcript from the sentencing hearing reveals that the basis of Williams's term of imprisonment was the mandatory minimum sentence of twenty years, not the § 2D1.1(c) base offense level. Initially, the court stated that the base offense level was 32 under § 2D1.1(c). The court then decreased the base offense level by two for acceptance of responsibility. A total offense level of 30, combined with Williams's criminal history category of IV, resulted in a sentencing range of 135 to 168 months' imprisonment. U.S. Sentencing Guidelines Manual, Sentencing Table (2002). However, the court recognized that Williams was subject to a mandatory minimum sentence of twenty years or 240 months' imprisonment. The guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum

sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Moreover, this court has held that "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002). The court therefore applied an offense level of 34,[2] which is the lowest offense level that, combined with Williams's criminal history category of IV, provided for a sentencing range that included 240 months. After decreasing the offense level by two for acceptance of responsibility and granting the government's § 3553(e) motion and departing downward by two levels, the court arrived at an adjusted offense level of 30. The foundation of Williams's sentence was the mandatory minimum sentence; the § 2D1.1(c) base offense level had no impact on Williams's sentence. Accordingly, Williams's sentence was not "based on" a sentencing range that has been lowered by Amendment 750.

This outcome is consistent with Sixth Circuit precedent. In *United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009), the defendant pled guilty to trafficking crack cocaine and faced a twenty-year mandatory minimum sentence, but the court granted the government's motion to lower Johnson's sentence based on his substantial assistance. *Id.* at 420. Johnson later sought a sentence reduction based on Amendment 706. *Id.* at 421. The court held that Johnson's sentence was "based on" the mandatory minimum sentence, which remained unchanged by Amendment 706. It reasoned that if Johnson were resentenced after passage of Amendment 706, the guidelines would still require 240 months' imprisonment and the court would depart from the guideline range dictated by the mandatory

---

[2]Williams claims that "the district court began its analysis with . . . the offense level corresponding to [the quantity of crack associated with the offense] in the applicable guidelines Drug Quantity Table . . . . After relevant adjustments, the district court arrived at an adjusted offense level of 30." This is a mischaracterization of the district court's calculations. Had the court begun with an offense level of 32, it would have arrived at an adjusted offense level of 28 after decreasing the offense level for acceptance of responsibility and granting the substantial assistance motion.

minimum if faced with a substantial assistance motion. *Id.* at 423. This case is analogous in all relevant respects to *Johnson*; the fact that Williams moves for a sentence reduction pursuant to Amendment 750, rather than Amendment 706, does not change the analysis. The same reasoning was applied by this court in *United States v. McPherson*, 629 F.3d 609, 611–12 (6th Cir. 2011), to find the defendant ineligible for a sentence reduction where he was subject to a mandatory minimum sentence that exceeded the maximum of the otherwise applicable guideline range.[3]

Finding Williams ineligible for a sentence reduction also is consistent with cases where this court has held that the defendant's sentence was "based on" a sentencing range that was lowered by amendments to the § 2D1.1(c) base offense levels. *Jackson*, 678 F.3d at 446; *Hameed*, 614 F.3d at 260. In both *Jackson* and *Hameed*, the district court explicitly considered the § 2D1.1(c) base offense level in the process of determining the defendant's sentence. Like Williams, the defendant in *Hameed* pled guilty to a crack cocaine trafficking charge and was subject to a mandatory minimum sentence above the otherwise applicable guideline range. 614 F.3d at 260. The district court granted the government's § 3553(e) motion, finding Hameed eligible for a sentence below the mandatory minimum based on his substantial assistance. *Id.* However, the district court calculated Hameed's sentence differently than the district court here calculated Williams's sentence. It "began [its] departure analysis from the base offense level applicable under § 2D1.1." *Id.* at 264. On appeal, this court recognized that the base offense level applicable under § 2D1.1(c) "was not the correct point from which the departure should have been measured." *Id.* at 268. By contrast, here the district court began its departure analysis from the correct point—the base offense level derived from Williams's mandatory minimum sentence.

[3]The "otherwise applicable guideline range" refers to the range that is calculated by reference to the defendant's total offense level and criminal history category, but that is replaced by the statutory mandatory minimum.

Whereas Hameed's sentence was in fact based on the § 2D1.1(c) base offense level, albeit in error, Williams's sentence bears no connection to the § 2D1.1(c) base offense level.[4]

The *Hameed* court also stated that "a district judge's mere calculation of the sentencing range under § 2D1.1 does not render a defendant's sentence 'based on' the crack guidelines range if that range is subsequently trumped by another provision of the guidelines." *Id.* at 262. That is precisely what happened here. The district court acknowledged the § 2D1.1(c) base offense level, but it was displaced by the mandatory minimum sentence, which served as the foundation for Williams's sentence.

The defendant in *Jackson* pled guilty to intent to distribute crack cocaine, but the district court delayed Jackson's sentencing in anticipation that Congress would pass legislation amending the penalties for crack cocaine convictions. 678 F.3d at 443. Eventually, the court sentenced Jackson before Congress enacted the Fair Sentencing Act. *Id.* Although Jackson's sentencing range based on his career offender status was 188 to 235 months' imprisonment, the court sentenced Jackson to 150 months' imprisonment, a term within the guideline range that would have applied if Jackson had not been a career offender. *Id.* This court noted that the district court varied downward based on its policy disagreement with the guidelines' disparity between sentences for crack and powder cocaine offenses. *Id.* It therefore found that Jackson's sentence was "based on" the crack cocaine guidelines and remanded the case for the district court to consider whether to reduce Jackson's sentence. *Id.* at 446. *Jackson* is distinguishable because the district court in that case explicitly discussed its concern with crack cocaine sentences in imposing Jackson's sentence, raising the possibility that Jackson's sentence was in fact "based on" the § 2D1.1(c) base offense level amended by Amendment 750. In contrast,

---

[4]Despite satisfying the "based on" test, this court found that Hameed was not eligible for a sentence reduction because Amendment 706 did not lower Hameed's "applicable" guideline range. *Id.* at 269.

-8-

although the district court here acknowledged Williams's base offense level under § 2D1.1(c), Williams's sentence was derived from the mandatory minimum sentence.

Accordingly, we find that Williams's sentence was not "based on" a sentencing range that has been lowered by Amendment 750. On this basis alone, the district court's order should be affirmed.

B.

Although not strictly necessary, we also determine whether Amendment 750 has the effect of lowering Williams's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Williams admits that this court has found that a defendant's "applicable guideline range" was not lowered by an amendment to the § 2D1.1(c) base offense levels where the defendant was subject to a mandatory minimum sentence that exceeded the otherwise applicable guideline range. *See Hameed*, 614 F.3d at 269. However, Williams argues that this precedent is no longer controlling because prior to Amendment 750, courts relied on their own interpretation of the phrase "applicable guideline range." According to Williams, Amendment 750 "added language to application note 1(A) indicating that the term [applicable guideline range] means 'the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.'" Application note 1(A), read in full, does not have the effect claimed by Williams. In states:

> Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*) (i.e., the guideline range that corresponds to the offense

-9-

level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).

U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n. 1(A) (2012) (emphasis added). Contrary to Williams's assertion, this note does not establish that the "applicable guideline range" is *always* the range that corresponds to the offense level and criminal history category determined pursuant to U.S.S.G. § 1B1.1(a), before consideration of any departure or variance. Although this is typically the applicable guideline range, as noted in the comment, in certain circumstances this range is replaced by a statutory provision, such as the statutory mandatory minimum term of imprisonment. *Id.*

This application note is consistent with U.S.S.G. § 5G1.1(b), which provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."[5] Said differently by this court, "[w]here a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it *replaces* the Guidelines range." *Johnson*, 564 F.3d at 423 (emphasis added). In such a case, "there is nothing anomalous with the approved 'range' being a single point." *United States v. Jones*, 569 F.3d 569, 575 (6th Cir. 2009) (Boggs, J., concurring in part and dissenting in part). "The general import of 'range' in the guideline architecture is to specify all possible sentences that a judge can give without entering the areas of considerations of 'departures from the guideline range' as governed by §§ 5K1.1-5K2.24 of the guidelines." *Id.* We therefore conclude that where a mandatory minimum sentence

---

[5]We reject the suggestion in *dicta* in *Hameed*'s majority opinion that U.S.S.G. § 5G1.1(b) is susceptible to two reasonable interpretations, one of those being that the "applicable guideline range" is a distinct concept from the "guideline sentence," and where a mandatory minimum sentence applies, that mandatory minimum becomes the guideline sentence under § 5G1.1(b), but the guideline range remains the same. 614 F.3d at 268. This interpretation conflicts with prior Sixth Circuit precedent. *See Johnson*, 564 F.3d at 423.

applies that exceeds the otherwise applicable guideline range, the mandatory minimum sentence becomes the applicable guideline range.

Our conclusion is consistent with decisions by other circuits holding that a defendant was ineligible for a sentence reduction based on Amendment 706 where the defendant was subject to a mandatory minimum sentence that exceeded the otherwise applicable guideline range. *See United States v. Roa-Medina*, 607 F.3d 255 (1st Cir. 2010); *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009); *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009); *United States v. Hood*, 556 F.3d 226 (4th Cir. 2009); *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009); *United States v. Poole*, 550 F.3d 676 (7th Cir. 2008); *United States v. Johnson*, 517 F.3d 1020 (8th Cir. 2008).

Finally, we reject Williams's argument that relies on the guidelines' exception to its general prohibition of reducing a prison term to a sentence that is lower than the bottom of the amended guideline range. The exception provides that if a term of imprisonment was less than the term provided for by the applicable guideline range because of a downward departure due to the defendant's substantial assistance, the court may impose a sentence below the amended guideline range that is comparably less to reflect the defendant's substantial assistance. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B) (2012). Application note 3 explains this guideline provision and states that

> provisions authorizing [a substantial assistance motion] are 5K1.1 . . . (authorizing, upon government motion, a downward departure based on the defendant's substantial assistance); *18 U.S.C. 3553(e) (authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect the defendant's substantial assistance)*; and Fed. R. Crim P. 35(b) (authorizing the court, upon government motion, to reduce a sentence to reflect the defendant's substantial assistance).

U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.3 (2012) (emphasis added). This note suggests that defendants are entitled to a sentence reduction in at least some instances where the court departed

below the mandatory minimum. Williams argues that "[t]his comment would be unnecessary and moot if this Court assumes that a defendant who cooperated could not be re-sentenced below the mandatory minimum." However, as the government points out, this note applies when a defendant's applicable guideline range exceeds the mandatory minimum sentence. In such a case, the defendant's sentence would be "based on" the § 2D1.1(c) base offense level, but to sentence the defendant below the mandatory minimum, the government would have to bring a motion pursuant to 18 U.S.C. § 3553(e). This guideline provision and application note therefore do not undermine our conclusion that Amendment 750 does not lower Williams's applicable guideline range.

III.

For the reasons provided above, we affirm the district court's order finding Williams ineligible for a sentence reduction.