BERNICE B. DONALD, Circuit Judge,
dissenting.
The majority concludes that Taylor’s appeal must fail, relying largely on this court’s prior decision in United States v. Hameed, 614 F.3d 259 (6th Cir.2010), for the proposition that Amendment 750 of the Sentencing Guidelines does not have the effect of lowering Taylor’s “applicable guideline range.” But times have changed since Hameed. Amendments 750 and 759 to the Guidelines took effect on November 1, 2011, retroactively lowering the crack-cocaine ranges in Guidelines § 2D1.1 and amending the policy statements. Under the new policy statements, a statutory minimum must “operate” or be “required” in order to have a role in the “applicable guidelines range.” The new policy statements also expressly authorize re-sentencing below the amended ranges for defendants sentenced pursuant to a substantial-assistance departure under 18 U.S.C. § 3553(e). Such a departure renders the normal statutory mínimums inoperative. See U.S.S.G. §§ 1B1.10(b)(2), 1B1.10, cmt. 3. Our holding in Hameed, which concerned the policy statements applicable to Amendment 706, therefore, is not relevant to the policy statements under Amendment 759.
Neither is the majority’s reliance on United States v. Joiner, in which a panel of this court recently rejected the notion that a substantial-assistance departure under § 3553(e) prevents an otherwise applicable statutory minimum ever from being incorporated into a defendant’s “applicable guidelines range,” 727 F.3d 601, 609 (6th Cir.2013), availing when at least three oth *547 er circuits have reached the opposite conclusion,[1] and when a judge of this court concluded, within days of Joiner, that a substantial-assistance motion “effectively ‘waive[s]’ the mandatory minimum and permit[s] the district court to impose a sentence based on the otherwise-applicable guidelines range,” United States v. Doe, 731 F.3d 518, 528 (6th Cir.2013) (Cole, J., concurring in part and concurring in the judgment). In the words of Judge Cole, “Without a mandatory minimum at work, nothing prevents Amendment 750 from having ‘the effect of lowering’ the sentence the [defendant] did receive.” Id.
Under Amendment 750, re-sentencing for those sentenced below the normal statutory minimum pursuant to a § 3553(e) motion is consistent with the Sentencing Commission’s policy statements. Accordingly, I would reverse and remand this matter to the district court so that it may exercise its discretion to determine whether to re-sentence Taylor. I must, therefore, respectfully dissent.
I.
The question of whether those who received a substantial-assistance departure are eligible for re-sentencing relief under Amendment 750 has troubled and divided the district courts. See, e.g., United States v. Mont, No. 4-05-CR-229, Dkt. 77 (N.D.Ohio, Mar. 5, 2012) (granting relief); United States v. Stewart, No. 3:02-CR-78(3), 2012 WL 289798, 2012 U.S. Dist. LEXIS 11316 (E.D.Tenn. Jan. 31, 2012) (granting re-sentencing relief under Amendment 750 to a defendant sentenced below the statutory minimum for substantial assistance); United States v. Young, No. 4:06-CR-270, Dkt. 109 (N.D.Ohio, Jan. 24, 2012) (granting relief). But see, e.g., United States v. Taylor, No. 4:03—CR-422, Dkt. 78 (N.D.Ohio, May 31, 2012) (denying relief for ineligibility); United States v. Bell, No. 4:02-CR147-JG1, Dkt. 71, 2012 WL 1343110 (N.D.Ohio, Apr. 17, 2012) (denying relief for ineligibility). This confusion is understandable because the individuals sentenced in these cases are not similarly situated to other defendants generally. Instead, the law acknowledges the great risk that they face in helping the Government investigate and prosecute their confederates by removing the normal sentencing restrictions.
When the Government files a substantial-assistance motion, it usually enables the sentencing court to do two things, each arising from a different source of authority. See United States v. Gabbard, 586 F.3d 1046, 1049-50 (6th Cir.2009). On motion of the Government, the court may, under 18 U.S.C. § 3553(e), sentence a defendant below the statutory floor created by the otherwise-applicable statutory minimum. Id.; see also United States v. Williams, 687 F.3d 283, 287 (6th Cir.2012) (discussing the authority that Congress gave sentencing courts under § 3553(e) to impose sentences below the normal statutory minimum and the limits of that statutory authority). Under § 5K1.1 of the Guidelines, the Government invites the court to grant a motion permitting a de *548 parture from the previously-calculated Guidelines range. Gabbard, 586 F.3d at 1049-50. This distinction is important because the Guidelines, which we must interpret for the eligibility question, incorporate the provisions concerning § 3553(e) and § 5K1.1 in different places. For my purposes, the fact that § 3553(e) statutorily renders the normal statutory minimum inoperative is the most relevant aspect of a substantial-assistance motion.[2]
II.
Section 3582(c)(2) authorizes the district courts to reduce the prison term of a defendant whose original sentence was 1) “based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” so long as 2) “such reduction is consistent with applicable policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2). I consider each in turn.
A. Whether Taylor’s Sentence was “Based On” a Sentencing Range That Has Been Lowered
There is no question that the offense levels set in § 2D1.1 have been lowered by Amendment 750. The issue in the first prong is whether Taylor’s original sentencing was “based on” a sentencing range produced by reference to § 2D1.1.
We formed the test to answer this question in Hameed, 614 F.3d at 262-67. “In determining whether a sentence was ‘based on’ a subsequently lowered guideline range in a plain-meaning sense of the words, we must consider whether the original sentence was, in fact, ‘based on’ such.a range; that is, we look to what the district court actually said and did at the original sentencing.” Id. at 264 (citations and internal quotation marks omitted) (emphasis added). Thus, we held that a defendant who had been sentenced below the normal statutory minimum after the grant a § 3553(e) motion had a sentence that was “based on” the § 2D1.1 range. Id. at 264-67. The Supreme Court endorsed our approach in Freeman v. United States, concluding that the essential question is whether the original sentence was, in fact, Teased on’ a Guidelines range that has been lowered.[3] — U.S. —, 131 S.Ct. 2685, 2693, 2695-98, 180 L.Ed.2d 519 (2011). The majority’s conclusion that *549 Taylor’s sentence was based on the statutory minimum rather than the § 2D1.1 range is a misreading of Hameed.
For the first re-sentencing prong, the facts of Hameed are nearly indistinguishable from those of the present case.[4] Using the ranges in § 2D1.1(c)(3), the court assigned Taylor a base offense level of 34. It then granted a two-level reduction under § 3E1.1(a) for acceptance of responsibility and a three-level reduction under § 5K1.1 for substantial assistance, arriving at an offense level of 29, making Taylor’s advisory Guidelines range 151 to 188 months. The court then considered the § 3553(a) sentencing factors and expressly stated that it was sentencing Taylor at the bottom of the Guidelines range to 151 months. What the court actually did, in fact, was base the sentence on a range that depended on § 2D1.1. Accordingly, the contention that Taylor’s sentence was, in fact, based on the statutory minimum is simply incorrect. The sentencing transcript plainly shows that the sentencing court did not consider the statutory minimum, as the sentencing judge herself later acknowledged when declining to exercise discretion to reduce Taylor’s sentence under Amendment 706. Taylor’s sentence was “based on” a sentencing range produced by reference to § 2D1.1, and Taylor therefore satisfies prong one.
B. Whether Re-sentencing is Consistent with Applicable Policy Statements
To determine whether re-sentencing is consistent with the applicable policy statements, a court must look to U.S.S.G. § 1B1.10. At the time that the Hameed court reviewed whether re-sentencing pursuant to Amendment 706 was consistent with § 1B1.10, that section contained fewer relevant policy statements and fewer explanations of those statements than it does today.[5] The most relevant policy statement was § 1B1.10(a)(2)(B). Since then, the Sentencing Commission has added, as part of Amendment 759, application notes to § 1B1.10(a)(2)(B), as well as § 1B1.10(b)(2) and its associated application notes.
Section 1B1.10(a)(2)(B) of the Guidelines states that “[a] reduction in the defendant’s term of imprisonment is not consistent with this policy statement and therefore is not authorized ... [if an expressly retroactive] amendment ... does not have the effect of lowering the defendant’s applicable guideline range.” U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added). In Hameed, we had to determine what counted as the defendant’s “applicable guidelines range” to know whether it actually had been lowered, but the policy statements provided no further explanation. 614 F.3d at 267. We turned to our somewhat off-point analysis in Stewart, in which we rejected a defendant’s arguments that the district court was bound to sentence him below the Guidelines range after granting a § 3553(e) motion, noting that the “starting point” for a downward departure was the statutory minimum. Id.; see Stewart, 306 F.3d at 332. In the absence *550 of anything better to explain the meaning of “applicable,” we concluded that Stewart meant that Hameed’s “applicable guidelines range” did not depend on the now-modified § 2D1.1, even though his sentence was “based on” § 2D1.1, but on the inapplicable statutory minimum. Hameed, 614 F.3d at 268-69.
Now, however, the Sentencing Commission has elaborated on the meaning of “applicable guidelines range” in Application Note 1(A) of § 1B1.10, which states in relevant part that resentencing is not appropriate under § 1B1.10(a)(2)(B) if a listed amendment
is applicable to the defendant but the amendment does not have the effect of lowering the defendant’s applicable guidelines range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment) (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to lBl.l(a), which is determined before consideration of any departure provision ...).
(emphasis added). The elaboration is hardly a model of clarity, but it plainly suggests that our reasoning in Hameed may not apply to Amendments 750 and 759. First, it indicates that the “applicable guidelines range” is something different from the statutory minimum because a statutory minimum can “operate on” the “applicable guidelines range” to prevent it from being lowered. Second, and more importantly, it is only the “operation of’ a statutory minimum or another guideline that may prevent the “applicable guidelines range” from being lowered. Third, the note expressly refers us to the Guidelines range that corresponds to § lBl.l(a). This clause modifies “another guideline ... provision,” so the range that corresponds to § 1B 1.1 (a) is something else that could operate to prevent the applicable Guidelines range from being lowered. See, e.g., In re Sanders, 551 F.3d 397, 400 (6th Cir.2008) (using the last antecedent rule to interpret a statutory provision).[6]
Let us turn, then, to § 1B1.1(a) to determine how it could operate to prevent the “applicable guidelines range” from being lowered. This provision instructs a court to establish the Guidelines sentence by applying various Guidelines provisions in a particular order, beginning with those in Chapter 2 and proceeding roughly in the order in which they appear in the Guidelines. U.S.S.G. § 1B1.1(a)(1)-(8). Of particular interest is subsection (8), which incorporates Part G of Chapter 5. U.S.S.G. § 1B1.1(a)(8). Section 5G1.1(b) specifies that “[w]here a statutorily required minimum sentence is greater than the maximum of the applicable Guidelines range, the statutorily required minimum sentence shall be the guidelines sentence.” (emphasis added). Thus, if a statutory minimum is required, then the range that corresponds to § 1B1.1(a) could operate to prevent the “applicable guidelines range” from being lowered. A statutory minimum is not required, however, when the sentencing court has granted a § 3553(e) *551 motion; in that case, it is not incorporated into the § lBl.l(a) range.
The Seventh Circuit recently came to the same conclusion in United States v. Wren, 706 F.3d 861, 862-64 (7th Cir.2013), determining that § 5G1.1 simply does not apply if a § 3553(e) motion has been granted. Id. at 862-64. Writing for the court, Judge Easterbrook surmised that § 1B1.10(a)(2)(B) and Application Note 1 together mean that while the “operation of’ a statutory minimum can produce a situation where Amendment 750 would not lower the applicable Guidelines range, a circumstance where the statutory minimum is inoperative does not. Id. at 863-64. Accordingly, the court held that defendants who had been sentenced below the normal statutory floor because of their substantial assistance were eligible for re-sentencing pursuant to Amendment 750. Id. at 862-64. This holding is somewhat more persuasive in light of the fact that the Seventh Circuit’s holding in regard to Amendment 706 was the same as our interpretation under Hameed. See United States v. Poole, 550 F.3d 676, 679-80 (7th Cir.2008). Additionally, our decision in Stewart, the sole basis for our decision in Hameed, relied in large part on a Seventh Circuit case. Stewart, 306 F.3d at 332 (citing United States v. Hayes, 5 F.3d 292, 293-95, (7th Cir.1993) (rejecting appellant’s claim that a § 3553(e) motion obligated , the court to anything other than imposing a sentence below the statutory minimum)).
The Third and D.C. Circuits also have reached this conclusion. See United States v. Savani, 733 F.3d 56, 58 (3d Cir.2013) (“[DJefendants ... whose original sentences were below the mandatory minimum applicable to them because of substantial assistance to the government, are not barred for policy reasons from seeking a reduction of sentence pursuant to § 3582(c)(2).”); In re Sealed Case, 722 F.3d 361, 363 (D.C.Cir.2013) (“This appeal asks whether a crack offender sentenced below an otherwise applicable statutory minimum because he provided substantial assistance to law enforcement is eligible for a sentence reduction under § 3582(c)(2). We hold that he is.”). And so, too, has a judge of this court concluded that a substantial assistance motion “effectively ‘waive[s]’ the mandatory minimum and permit[s] the district court to impose a sentence based on the otherwise-applicable guidelines range.” [7] United States v. Doe, 731 F.3d 518, 528 (6th Cir.2013) (Cole, J., concurring in part and concurring in the judgment). Accordingly, “[wjithout a mandatory minimum at work, nothing prevents Amendment 750 from having ‘the effect of lowering’ the sentence the [defendant] did receive.” Id. But see Joiner, 727 F.3d at 609.
The other relevant addition from Amendment 759 is the new policy statement in § 1B1.10(b)(2)(B), which reads:
(B) Exception for Substantial Assistance. — If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a [§ 3553(e) motion], a reduction comparably less than the amended guidelines range determined under [§ 1B1.10(b)(1) ] may be appropriate.
*552 (emphasis added). Application Note 3 of § 1B1.10 further elaborates:
... Subsection (b)(2)(B) provides an exception to this limitation, which applies if the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant’s substantial assistance to authorities.... The provisions authorizing such a government motion are 5K1.1 (Substantial Assistance to Authorities) (authorizing, upon government motion, a downward departure based on the defendant’s substantial assistance); 18 U.S.C. 3553(e) (authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect the defendant’s substantial assistance); and Fed.R.Crim.P. 35(b) (authorizing the court, upon government motion, to reduce a sentence to reflect the defendant’s substantial assistance).
(emphasis added). In this policy statement, the Sentencing Commission has acknowledged that those who received § 3553(e) relief are differently situated for re-sentencing. More importantly, it expressly authorizes re-sentencing below the amended ranges for those sentenced pursuant to a § 3553(e) motion. A § 3553(e) motion’s sole function is to render the normal statutory minimum inoperative. This new provision would have no meaning under our reasoning in Harmed, which established that no defendant with an otherwise-applicable statutory minimum is eligible for re-sentencing under Amendment 706. Our holding in Hameed, therefore, is not applicable to the new policy statements under Amendments 750 and 759. See, e.g., United States v. Coatoam, 245 F.3d 553, 558 (6th Cir.2001) (applying the rule of surplusage that “discourages courts from adopting a reading of a statute that renders any part of the statute mere surplus-age”); cf. Wren, 706 F.3d at 863 (noting that § 1B1.10(b)(2)(B) enhances the court’s understanding that the statutory minimum does not affect the amended Guidelines range when there has been a § 3553(e) grant); United States v. Smith, 501 Fed.Appx. 920, 926 n. 6 (11th Cir.2012) (taking it as a given that re-sentencing under Amendment 750 was appropriate for defendants who received a § 3553(e) grant because § 1B1.10(b)(2)(B) allows a court to grant a “reduction comparably less than the amended guideline range”).
Because Taylor’s “applicable guidelines range” was not affected by the inoperative statutory minimum, we must look to see if it was lowered by an expressly-retroactive Guidelines amendment. See U.S.S.G. § 1B1.10(a)(2)(B). Amendment 759 expressly made Amendment 750 retroactive. Amendment 750 lowered the crack-cocaine ranges in § 2D1.1. Policy Statement § 1B1.1(b)(1) specifies that the court shall substitute only the amended range and “leave all other guidelines application decisions unaffected.” The Supreme Court also has instructed us to leave all original sentencing decisions in place, except for the amended provision, even if such decisions were in error. Dillon v. United States, 560 U.S. 817, 130 S.Ct. 2683, 2691, 2694, 177 L.Ed.2d 271 (2010). Thus, because the sentencing court did not actually calculate Taylor’s sentence starting from the statutory minimum, nor may we for this purpose. Cf. Wren, 706 F.3d at 861 (stating that if § 5G1.1 did not affect the original sentence, then it does not affect the new sentence).
Accordingly, the amended § 2D1.1 crack-cocaine ranges would make Taylor’s amended base-offense level 32. U.S.S.G. § 2D1.1(c)(4). Keeping everything else the same as his original sentencing calculation, Taylor’s criminal history category *553 would be VI, he would receive a two-level reduction for acceptance of responsibility and a three-level § 5K1.1 reduction for substantial assistance, and the court’s grant of the § 3553(e) motion would render the statutory minimum inoperative. His advisory Guidelines range would be 130 to 163 months. See U.S.S.G. Sentencing Table. This is indeed a lower range than the 151 to 188 months range the sentencing court used. Re-sentencing for Taylor, pursuant to Amendment 750, would be consistent with the Sentencing Commission’s policy statements. Accordingly, Taylor should be eligible for re-sentencing.
Such a holding would correct some of the conflicting positions that we have taken in unpublished opinions regarding Amendment 750. See, e.g., United States v. Williams, 512 Fed.Appx. 594, 600 (6th Cir.2013) (rejecting the argument that Amendment 750 alters the Hameed analysis); United States v. Daniel, 508 Fed.Appx. 549, 549-50 (6th Cir.2012) (per curiam) (rejecting re-sentencing for defendant sentenced below normal statutory floor with no analysis of “applicable guidelines range”); United States v. Passmore, 503 Fed.Appx. 340, 341-42 (6th Cir.2012) (per curiam) (same). But see United States v. Blackwell, No. 12-3405 (6th Cir.2012) (Order) (remanded after the government agreed that appellant was eligible for re-sentencing where a § 3553(e) grant allowed for sentencing below the normal statutory floor). It would fit more easily within the current language and operation of the Guidelines as well as a common sense understanding of the law. It hardly makes sense to hold a defendant to a statutory minimum on re-sentencing when the same minimum did not operate on his original sentence. Of course, to the extent the government believes that a further sentence reduction is inappropriate for a particular defendant, it may ask the district court not to exercise its discretion. See Freeman, 131 S.Ct. at 2698-99 (Sotomayor, J., concurring).
III.
In light of this reasoning, I believe that the appropriate course of action would be to reverse the district court’s ruling that Taylor is ineligible for re-sentencing under § 3582(c)(2) and remand this case so that the district court may exercise the discretion it possesses. Because the majority affirms the district court’s ruling, I respectfully dissent.

. See United States v. Wren, 706 F.3d 861, 863 (7th Cir.2013) ("[I]f § 5G1.1 did not affect the original calculation, it does not come into play when a court considers the effect of a retroactive change to the Guidelines.”); United States v. Savani, 733 F.3d 56, 58 (3d Cir.2013) ("[D]efendants ... whose original sentences were below the mandatory minimum applicable to them because of substantial assistance to the government, are not barred for policy reasons from seeking a reduction of sentence pursuant to § 3582(c)(2).”); In re Sealed Case, 722 F.3d 361, 363 (D.C.Cir.2013) ("This appeal asks whether a crack offender sentenced below an otherwise applicable statutory minimum because he provided substantial assistance to law enforcement is eligible for a sentence reduction under § 3582(c)(2). We hold that he is.”).

. I also note that although our dicta in United States v. Stewart that “the appropriate starting point for the defendant's [§ 3553(e) ] downward departure was his mandatory minimum sentence” has caused some confusion, it does not mean that the statutory minimum is somehow incorporated into the Guidelines range through § 5G1.1 when it is not "required.” 306 F.3d 295, 332 (6th Cir.2002). Our holding there merely rejected the appellant’s contention that the court was obligated to impose a sentence below the Guidelines range when it had granted a § 3553(e) motion.

. In Freeman, the question was whether a defendant’s sentence was "based on” a Guidelines range where the defendant had signed a binding Federal Rule of Criminal Procedure 11(c)(1)(C) agreement ("C agreement”). 131 S.Ct. at 2690. The plurality opinion held that the defendant's sentence was based on the Guidelines because the district court actually relied on it. Id. at 2693 (Kennedy, J., plurality opinion). Justice Soto-mayor, concurring separately, agreed that the question is how the original sentence was actually calculated, with the only caveat being that when there is a C agreement, the question is whether the C agreement used the Guidelines range to arrive at the agreed-upon sentencing range. Id. at 2697-98 (Sotomayor, J., concurring). The difference when there is a C agreement is that the parties agree to a particular sentencing range, and the district court's task is merely to accept or reject the agreement. Id. at 2695-96. Either way, the question is essentially the same: whether the original sentence was, in fact, 'based on’ a Guidelines range that has been lowered. Taylor did not have a C agreement; *549 he pleaded guilty pursuant to a Rule 11(c)(1)(B) agreement.

. The main distinguishing feature between Hameed and the present case is that Hameed addressed re-sentencing pursuant to Amendment 706, while we address it pursuant to Amendment 750. This difference is relevant in the next sub-section, but not here.

. Amendment 706 became effective on May 1, 2008. Hameed was issued on July 26, 2010. 614 F.3d 259. Amendments 750 and 759 became effective on November 1, 2011. U.S.S.G., App. C, at 398, 416.

. The last antecedent rule also indicates that the clause quoted from Application Note 1(A) of § 1B 1.1 (Which is determined before consideration of any departure provision”modifies § 1B1.1(a). This makes sense because it is § 1B1.1(b), not § 1B1.1(a), that incorporates the departure provisions such as § 5K1.1. This is one place where the difference between § 5K1.1 and § 3553(e) becomes relevant. Section 5K1.1 is a departure provision that does not come into effect in § 1B1.1(a). But § 3553(e) renders § 5G1.1(b), which would normally incorporate the statutory minimum, inoperative in § 1B1.1(a). See Gabbard, 586 F.3d at 1049-50.

. Our recent en banc decision in United States v. Blewett, Nos. 12-5226 / 12-5582, 746 F.3d 647, 2013 WL 6231727 (6th Cir. Dec. 3, 2013), is not to the contrary. Neither of the defendants in that case had received a substantial assistance departure under § 3553(e) from the applicable statutory minimum during his original sentencing. Additionally, Blewett is not applicable here because the statutory sentence that would have applied to Taylor absent the substantial assistance departure under § 3553(e) has not changed.