SILER, Circuit Judge.
In 2005, the district court sentenced Marie Tate to 168 months’ imprisonment for a crack cocaine offense and being a convicted felon in possession of firearms. In 2010, Congress enacted the Fair Sentencing Act (the “FSA”) and the Sentencing Commission promulgated amendments to the United States Sentencing Guidelines (the “Guidelines”) to lower penalties for crack cocaine convictions. Consequently, Tate filed a motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction pursuant to the FSA and the amended Guidelines. The district court denied her motion, reasoning that Tate was ineligible for relief under § 3582(c)(2). She appeals that decision, and for the reasons that follow, we AFFIRM.
I.
In 2004, Tate pleaded guilty to two counts of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The plea agreement attributed 114 grams of crack cocaine to Tate, which generated a base offense level of 32 under U.S.S.G. § 2D1.1 (the “drug quantity range”), but acknowledged that Tate was subject to a mandatory minimum sentence of 240 months’ imprisonment.
At the sentencing hearing, the district court granted the government’s motion for a downward departure based on substantial assistance, enabling the district court to pierce the mandatory minimum and sentence Tate to less than 240 months’ imprisonment. The district court accepted the sentencing calculations the government provided, including a base offense level of 34 and a criminal history category of IV, that represented the lowest point on the sentencing matrix to encompass her mandatory minimum. It found that after accounting for her substantial assistance, Tate’s adjusted offense level should be 32 with a criminal history category IV, which yielded a sentencing range of 168 to 210 months. Ultimately, the district court sen *519 tenced Tate to the low end of the range, 168 months’ imprisonment.
In 2011 and again in 2012, Tate moved for a sentence reduction pursuant to the FSA and Guidelines amendments, and the district court denied both motions. Tate appeals the denial of her second § 3582(c)(2) motion and presents a single issue for our resolution: whether the district court erred in finding Tate ineligible for a sentence reduction.[1]
II.
We typically review decisions concerning sentence reductions for abuse of discretion, but where the district court determined that the defendant is ineligible for a sentence reduction altogether, we review the decision de novo. United States v. Johnson, 569 F.3d 619, 622-23 (6th Cir. 2009). Tate contends that the FSA’s new mandatory mínimums and the amended Guidelines’ lowered offense levels each independently operate to qualify her for a sentence reduction. Her contentions are not supported by law.
III.
Among its several sections, the FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for drug offenders like Tate under 21 U.S.C. § 841(b)(1). Pub.L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Tate argues that the district court should apply the FSA to her 2005 sentence to reduce her 20-year mandatory minimum to 10 years. However, the FSA’s “new mandatory mínimums do not apply to defendants sentenced before it took effect,” and neither the Constitution nor § 3582(c)(2) provides a basis for circumventing this interpretation. United States v. Blewett, 746 F.3d 647, 650 (6th Cir.2013) (en banc), cert. denied, — U.S.-, 134 S.Ct. 1779, 188 L.Ed.2d 607 (2014). Therefore, Tate’s 240-month statutory mandatory minimum remains applicable to her sentence.
IV.
In Amendment 750, the Sentencing Commission altered the Guidelines to increase drug quantities that trigger certain penalties under U.S.S.G. § 2D1.1, so that had Tate been sentenced according to the amended Guidelines, the base offense level for her drug conviction involving 114 grams of crack cocaine would have been 28 instead of 32. U.S.S.G. App’x C, Amend. 750; see United States v. Bell, 731 F.3d 552, 554 (6th Cir.2013). Thus, Amendment 750 lowered her drug quantity range. Unlike the FSA’s new mandatory mínimums, this amendment is retroactive. U.S.S.G. App’x C, Amend. 759; see United States v. Jackson, 678 F.3d 442, 444 (6th Cir.2012). Tate argues that § 3582(c)(2) provides her an avenue through which she can take advantage of the amended Guidelines to obtain a sentence reduction.
District courts engage in a two-step inquiry to determine whether the defendant is entitled to a sentence reduction under § 3582. First, the defendant’s sentence must have been “based on a sentencing range that has subsequently been lowered by the Sentencing Commission^]” United States v. Hameed, 614 F.3d 259, 262 (6th Cir.2010) (quoting 18 U.S.C. § 3582(c)(2)). Second, an amendment to the Sentencing Guidelines must have lowered the defendant’s “applicable guideline range.” United States v. Pembrook, 609 F.3d 381, 383 (6th Cir.2010). Because we have already held that the FSA did not lower Tate’s mandatory minimum but Amendment 750 did lower her drug quantity range, Tate *520 must show that her sentence was “based on” the drug quantity range, which was also her “applicable guideline range.”
A.
To determine whether a given sentence was “based on” a particular sentencing range, we must look to “what the district court actually said and did at the original sentencing.” Hameed, 614 F.3d at 264 (quoting United States v. Hargrove, 628 F.Supp.2d 241, 244 (D.Mass.2009)). At sentencing, the district court took “into account the statutory mandatory minimum of 20 years and [ ] Tate’s subsequent cooperation,” and determined that her adjusted offense level was 32. It thus adopted the government’s proposal to start with a base offense level of 34, the lowest offense level on the sentencing matrix that corresponded to the mandatory minimum at Tate’s criminal history category, and reduce that by two levels for her substantial assistance. If based on the drug quantity range, the district court would have calculated a base offense level of 32, not 34. Accordingly, the sentence was “based on” the mandatory minimum, not the drug quantity.
Tate contends that the drug quantity guideline was a relevant part of the district court’s analytic framework. In the plea agreement, the parties agreed that her base offense level based on the amount of drugs attributed to her under § 2D1.1 was 32. At sentencing, the only reference the district court made that could possibly relate to the drug quantity range was that it accepted the calculations in the plea agreement, but it never mentioned the drug quantity range in imposing its sentence.
The allusion to the plea agreement alone does not support a conclusion that the district court based its sentence on the drug quantity range. We held in Hameed that “a district judge’s mere calculation of the sentencing range under § 2D1.1 does not render a defendant’s sentence ‘based on’ the [drug quantity] range if that range is subsequently trumped by another provision of the [G]uidelines.” 614 F.3d at 262. Here, the district court did not even calculate the § 2D1.1 range — it simply mentioned the plea agreement that cited the § 2D1.1 drug quantity offense level and the 240-month mandatory minimum.
In Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), Justice Sotomayor, whose opinion represents the binding decision of the split court, see United States v. Thompson, 714 F.3d 946, 949 (6th Cir.2013), determined that “[t]o ask whether a particular term of imprisonment is ‘based on’ a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment.” Freeman, 131 S.Ct. at 2695 (Sotomayor, J., concurring). Using this definition, we held in Thompson that the simple fact that the district court “acknowledged that the sentence contemplated by the plea agreement was ‘sufficient and not greater than necessary to comport with’ ” factors necessary to obtain a downward variance, was insufficient to infer that the court’s sentence was “based on” the drug quantity range. Thompson, 714 F.3d at 950. The district court based its sentence on the career offender range, not the drug quantity range. Id. Here, the district court’s mere reference to the plea agreement is insufficient to satisfy the “based on” requirement of the § 3582(c)(2) test. Instead, it began its sentencing calculation at the offense level that corresponded to the mandatory minimum and departed downward from there.
We addressed an analogous situation in United States v. Williams, 512 Fed.Appx. 594 (6th Cir.2013). In that case, the defendant pleaded guilty to three counts of crack distribution and one count of being a *521 felon in possession of a firearm. Id. at 596. At sentencing, the district court acknowledged that his base offense level was 32 under the § 2D1.1 drug quantity table, but declared that the defendant was subject to a 20-year mandatory minimum. Id. It applied an offense level of 34, which corresponded to the 20-year mandatory minimum, before awarding a two-level decrease for acceptance of responsibility, granting a two-level downward departure for substantial assistance, and sentencing the defendant to 135 months’ imprisonment. Id. at 598. We agreed with the district court’s decision to deny the motion for a sentence reduction, because the defendant’s sentence was not factually “based on” a sentencing range that had been subsequently lowered — the § 2D1.1 drug quantity range. Id.
The outcome in Williams is consistent with our prior decision in Johnson. Id. The defendant in Johnson was convicted of conspiring to distribute between 500 grams and 1.5 kilograms of crack cocaine, which generated a Guidelines sentencing range of 235 to 293 months under § 2D1.1, but he was also subject to a 240-month mandatory minimum. Johnson, 564 F.3d at 420. Therefore, his “effective Guidelines range was 240 to 293 months of imprisonment.” Id. at 421. The district court granted him a downward departure and sentenced him to 108 months’ imprisonment. Id. We found that the district court based its sentence on the mandatory minimum, reasoning that “if [the defendant] were resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government’s substantial-assistance motion.” Id. at 423. At Tate’s resentencing, the district court would likewise still depart from the 240-month mandatory minimum. Our decisions in Williams and Johnson mandate a conclusion that Tate’s sentence was not based on the drug quantity range.
Tate argues that we should follow Jackson to reach a contrary conclusion. This case is readily distinguishable from Jackson, wherein we determined that “[w]hen the original sentencing judge decides to vary from the career offender guideline range to some other range, it is fair to say that the sentence imposed is ‘based on’ the adopted range and not the career offender range.” 678 F.3d at 444. The district court in Jackson departed downward from the career offender range to the drug quantity range, but here, the district court departed from the mandatory minimum downward based on Tate’s substantial assistance; it did not depart to another range. Id. Moreover, Jackson has limited application in § 3582(c)(2) proceedings because that case involved a unique procedural posture: we reviewed the defendant’s sentence on direct appeal, “in the immediate wake of the [passage of the FSA] after a district judge explicitly delayed sentencing in hopes of the Act’s imminent passage.” United States v. Riley, 726 F.3d 756, 761 (6th Cir.2013). Accordingly, the precedential authority of Jackson is minimal in this case.
Determining whether a sentence is based on a given Guidelines range “is a fact-driven, common-sense inquiry about whether a sentence is ‘derived exclusively’ from a particular sentencing scheme.” United States v. McClain, 691 F.3d 774, 778 (6th Cir.2012). While “it may be ‘sufficiently clear that a district court used [the drug quantity range] to select a final sentence even though it did not say so,’ ” id., when evaluating the particular circumstances of Tate’s sentencing, we are compelled to hold that the district court did not base its sentence on the drug quantity range. Rather, the district court’s sentence was derived exclusively from the *522 mandatory minimum, which remains unchanged by the FSA or the amended Guidelines. Accordingly, Tate’s motion was properly denied.
B.
Were we to find otherwise, Tate would still fail to satisfy the second part of the § 8582 test requiring the Sentencing Commission to lower her “applicable guideline range.” See Pembrook, 609 F.3d at 388. In Application Note 1A, the Guidelines define the applicable guideline range as “the guideline range that corresponds to the offense level and criminal history category determined pursuant to lBl.l(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.” U.S.S.G. § 1B1.10 App. n. 1A. This provision further states that a sentence reduction is not authorized under § 3582(c)(2) if the relevant amendment “is applicable to the defendant but the amendment does not have the effect of lowering the defendant’s applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).” Id. In these two sentences of Application Note 1A, the Guidelines twice explain that where a mandatory minimum exceeds an otherwise applicable range, the mandatory minimum becomes the applicable guideline range.
First, the applicable guideline range is determined by applying U.S.S.G. § lBl.l(a), a provision that contains eight subsections, the last of which reads: “For the particular guideline range, determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution.” U.S.S.G. § 1B1.1(a)(8); see United States v. Joiner, 121 F.3d 601, 604-05 (6th Cir. 2013). Part G of Chapter Five incorporates the • mandatory minimum into § lBl.l(a) and provides that the mandatory minimum that exceeds an otherwise applicable range is the applicable guideline range. U.S.S.G. § 5Gl.l(b); see U.S.S.G. § 1B1.10 App. n. 1 A; Joiner, 727 F.3d at 605. Second, Application Note 1A more specifically states that a defendant cannot satisfy the “applicable guideline range” requirement of the § 3582(c)(2) test where a statutory mandatory minimum trumps an otherwise applicable guideline range. See U.S.S.G. § 1B1.10 App. n. 1A. The district court’s piercing of the mandatory minimum does not undermine the applicability of § 1B1.10. See Joiner, 727 F.3d at 605-06; Williams, 512 Fed.Appx. at 600-01.
Because Tate’s mandatory minimum exceeded her drug quantity range, the mandatory minimum became her applicable guideline range. The new mandatory mín-imums in the FSA do not apply to defendants sentenced before its passage, so Tate’s applicable guideline range has not been lowered and remains 240 months. See Joiner, 727 F.3d at 609.
We have previously found each of Tate’s arguments in opposition unavailing. Her position that the applicable guideline range must be distinct from the mandatory minimum sentence based on the intentional varied usage of the terms “range” and “sentence” in §§ lBl.l(a) and 5G1.1 has been rejected. See Joiner, 727 F.3d at 606; Williams, 512 Fed.Appx. at 601. We have also rejected Tate’s contention that U.S.S.G. § lB1.10(b)(2)(B), which permits a court to reduce a sentence to below the applicable guideline range had it also done so in the original sentencing, would be rendered obsolete under our construction of the term applicable guideline range. See Joiner, 727 F.3d at 606-07; Williams, 512 Fed.Appx. at 602. Finally, our recent en banc decision in Blewett undermines *523 Tate’s argument that our interpretation of § 3582(c)(2) violates the notion of fundamental fairness that seeks to avoid the unjust result of more serious offenders and those not providing substantial assistance being able to take advantage of newly-reduced guidelines, while less serious offenders and those providing substantial assistance are unable to obtain sentence reductions. As a result, we hold that Tate also fails to satisfy the applicable guideline range requirement for obtaining a sentence reduction under § 3582.
AFFIRMED.

. Tate did not appeal the denial of her first § 3582(c)(2) motion.