RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0268p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

VEDO MCCLAIN,

        *Defendant-Appellant.*

No. 10-3862

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-00288-001—James S. Gwin, District Judge.

Argued: January 10, 2012

Decided and Filed: August 17, 2012

Before: MERRITT and MOORE, Circuit Judges; and MAYS, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Melissa M. Salinas, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Chelsea S. Rice, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Melissa M. Salinas, Donna M. Grill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Chelsea S. Rice, Edward F. Feran, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

    MAYS, D. J., delivered the opinion of the court in which MOORE, J., joined. MERRITT, J. (pp. 9–12), delivered a separate dissenting opinion.

_____

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

————————————

**OPINION**

————————————

MAYS, District Judge.  Defendant-Appellant Vedo McClain ("McClain") has moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).  The district court concluded that McClain was ineligible for relief and denied his motion.  For the following reasons, we AFFIRM.

I.

On three separate occasions in February and May 2006, a cooperating source under the supervision of the Cleveland Police Department purchased cocaine base ("crack") from McClain.  A grand jury indicted him on three counts of cocaine distribution in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B).  On August 2, 2006, McClain pled guilty to all counts.

McClain entered into a Rule 11(c)(1)(B) plea agreement with the understanding that its recommendations were not binding on the district court.  He agreed to be responsible for at least 150 but not more than 500 grams of crack.  That amount corresponded to a base offense level of 34 under § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G.").  At sentencing on October 12, 2006, the district court granted a three-level reduction for acceptance of responsibility.  McClain's total offense level was 31.  His criminal history category was VI.  His guidelines range would have been 188 to 235 months.  Because of McClain's prior felony drug conviction, however, there was a mandatory minimum sentence of 240 months on Counts 1 and 2 and 120 months on Count 3.  Thus, McClain's guidelines range became 240 months.

The United States of America (the "Government") filed a motion for substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, which permitted the district court to impose a sentence below 240 months.  The district court granted a two-level departure, which it applied to McClain's original total offense level to reach a new total offense level of 29.  With a criminal history category VI, this produced a post-departure

guidelines range of 151 to 188 months.  The district court imposed a within-guidelines sentence of 151 months, noting that, "although there's some things [] to recommend that [the sentence] should be higher, but I think in this case the 151 months is . . . an extremely long sentence itself."

On November 1, 2007, Amendment 706 to the sentencing guidelines reduced the base offense level for most crack offenses by two levels.  U.S.S.G. Supp. to App. C, amend. 706 (2011).   On March 3, 2008, Amendment 713 made Amendment 706 retroactive.  *Id.* 713 ("The Commission has determined that Amendment 706 . . . should be applied retroactively.").  McClain moved for a modification of his sentence under 18 U.S.C. § 3582(c)(2), relying on Amendments 706 and 713.  Eighteen U.S.C. § 3582(c)(2) permits district courts to reduce sentences based on guidelines ranges that have been lowered by the United States Sentencing Commission.  The district court denied McClain's motion, reasoning that he was ineligible for § 3582 relief because his sentence was based on the mandatory minimum, not a sentencing range that had since been lowered.  McClain timely appealed.

II.

We ordinarily review a district court's denial of a § 3582 motion for abuse of discretion.  *See United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009).  "Where, as here, the district court does not simply decline to use its authority under § 3582" but concludes "that a defendant is ineligible for a sentence reduction," the district court's conclusion is a question of law that is reviewed de novo.  *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009); *see also United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010); *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010); *United States v. Stiff*, 407 F. App'x 896, 898 (6th Cir. 2011) (unpublished opinion).

Generally, courts do not have the authority to change or modify sentences they have imposed unless that authority is expressly granted by statute.  *Curry*, 606 F.3d at 326; *see also United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010).  Federal law creates an "exception to this general rule when the sentencing judge relied on the sentencing guidelines and those guidelines later are made more lenient."  *Hameed*,

614 F.3d at 262.  When that happens, "a court 'may' reduce a prison term 'after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Curry*, 606 F.3d at 326-27 (quoting 18 U.S.C. § 3582(c)(2)).

Amendments 706 and 713 lowered the guidelines ranges for quantities of crack in U.S.S.G. § 2D1.1.  *See* U.S.S.G. Supp. to App. C, amends. 706, 713.  To be eligible for a sentence reduction under these amendments, McClain must show:  (1) that his 151-month prison sentence was "based on" a sentencing range that has been lowered by Amendments 706 and 713, and (2) that a reduction in sentence would be "consistent with applicable policy statements issued by the Sentencing Commission."  *Hameed*, 614 F.3d at 262.

### A.

When faced with motions under § 3582(c)(2), district courts must engage in a two-part inquiry.  *See Hameed*, 614 F.3d at 262.  First, they must address whether the defendant's sentence was "based on" a sentencing range that was subsequently lowered. *Id.*  Second, they must decide whether a reduction would be "consistent with applicable statements issued by the Sentencing Commission." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Textually, § 3582(c)(2) requires this two-part inquiry in each instance where a defendant seeks a sentence reduction under § 3582(c)(2).  *See id.* at 266 n.3 (rejecting the proposition that "based on" has different meanings depending on the context in which motions are brought).

In this case, the district court stated that:

McClain is ineligible for a sentence reduction because he was subject to a statutory mandatory minimum (240) months greater than the low end of the otherwise applicable guidelines range (151-188 months.)  (From that mandatory minimum, the Court granted a downward departure for substantial assistance under U.S.S.G. § 5K1.1.)  When a defendant is subject to a statutory mandatory minimum sentence above the low end of the otherwise applicable guidelines range, he may not receive § 3582(c)(2) relief from the crack-cocaine amendment to the guidelines.

McClain disputes the district court's conclusion, contending that his sentence was based on the advisory guidelines, not the mandatory minimum. He argues that his guidelines range was 262-327 months, calculated using a base offense level of 34 and a criminal history category VI, which exceeded the mandatory minimum. Alternatively, he argues that the district court's initial calculation of his sentencing range under the crack guidelines makes him eligible for a reduction under *Freeman*.

Whether a sentence is "based on" the mandatory minimum or the advisory guidelines turns on "'what the district court actually said and did at the original sentencing.'"[1] *Hameed*, 614 F.3d at 264 (quoting *United States v. Hargrove*, 628 F. Supp. 2d 241, 244 (D. Mass. 2009)). That is a fact-driven, common-sense inquiry about whether a sentence is "derived exclusively" from a particular sentencing scheme. *See id.* at 265. The inquiry need not identify explicit statements that favor one sentencing scheme over another; it may be "sufficiently clear that a district court used the crack guidelines to select a final sentence even though it did not say so." *Id.* at 264 n.2. Instead, we evaluate the particular circumstances of each defendant, including the parties' conduct, to determine whether a particular sentencing calculation was used. *See id.* ("[F]or example, when an attorney argued for an approach and the court acted in accordance with it.").

At sentencing, the district court calculated McClain's base and total offense levels from the quantity of crack tied to his offense level under § 2D1.1. (Sent. Tr. at 3.) The guidelines range produced (188-235 months) was less than the mandatory minimum of 240 months, meaning that the mandatory minimum became his sentencing range. Nevertheless, "it cannot be said here that the district judge applied a sentencing range 'derived exclusively' from a mandatory minimum." *Hameed*, at 264-65 (quoting *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008)). The district court here, like the district court in *Hameed*, returned to a post-departure guidelines range calculated under

---

[1] That a defendant faces a mandatory minimum has no effect on this two-part inquiry; *Hameed* explicitly directs courts to address the basis for a defendant's sentence and whether that sentence is consistent with the Sentencing Commission's policy statements. 614 F.3d at 262. District courts must address both prongs of the *Hameed* inquiry.

§ 2D1.1 after granting the Government's substantial assistance motion. *Compare id.* at 264, *with* Sent. Tr. at 13, 16-17. The district court sentenced McClain within this post-departure range, which supports the conclusion that "the district judge actually relied on the crack guidelines under § 2D1.1 in fashioning a sentence." *See Hameed*, 614 F.3d at 265. If Amendment 706 were applied to McClain and he received an additional two-level reduction, the resulting guidelines range would be 130 to 162 months.[2] He would be eligible for up to twenty-one fewer months in prison. Therefore, this is not a case in which "'Amendment 706 . . . has no effect on the ultimate sentencing range imposed on [McClain].'" *Id.* at 265 (quoting *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009)).

Although we conclude that McClain's sentence was "based on" a guidelines range that has subsequently been lowered, he is not eligible for a reduced sentence unless "'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Hameed*, 614 F.3d at 267 (quoting 18 U.S.C. § 3682(c)(2)). Under U.S.S.G. § 1B1.10(a)(2)(B), a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not authorized if it "does not have the effect of lowering the defendant's applicable guideline range." Amendment 706 is listed as "covered" by U.S.S.G. § 1B1.10(a)(2). If no mandatory minimum had applied to McClain's sentence, "the applicable guideline range would have been that provided by the drug-quantity guidelines under § 2D1.1, which Amendment 706 lowered." *Hameed*, 614 F.3d at 267. However, as in *Hameed*, the Government argues that the mandatory minimum was McClain's applicable guidelines range. *Id.* Therefore, we must decide whether the mandatory minimum or the § 2D1.1 crack guidelines range was McClain's applicable range.

We have previously held that the Sentencing Commission's policy statements are mandatory in the sentence-modification context, "not by dint of the guidelines themselves but based on the plain text of a federal statute." *Hameed*, 614 F.3d at 267 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2690-92 (2010)). Both parties rely on

---

[2]That calculation assumes that all previous motions, reductions, and adjustments granted by the district court would remain the same.

§ 5G1.1(b).  That policy statement provides, in relevant part, that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).  McClain argues that the policy statement does not apply to him because his sentencing range of 262-327 months, derived using a base offense level of 34, was above the mandatory minimum.  The Government argues that McClain's guidelines range of 188-235 months was below the mandatory minimum, so that, under § 5G1.1(b), the mandatory minimum became McClain's applicable guidelines range.

McClain conflates "base offense level" and "total offense level."  His applicable guidelines range could not have been calculated using his base offense level; a defendant's guidelines range is "'produced under the guidelines' sentencing table after a correct determination of the defendant's *total offense level* and criminal history category, but prior to any discretionary departures.'"  *Pembrook*, 609 F.3d at 385 (quoting *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010) (emphasis added)).  After adjustment for acceptance of responsibility, McClain's total offense level was 31, and his criminal history category was VI.  His corresponding guidelines range was 188 to 235 months, below the 240-month mandatory minimum.  "Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces the Guidelines range." *Johnson*, 564 F.3d at 424; *see also United States v. Goff*, 6 F.3d 363, 366-67 (6th Cir. 1993) ("As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails.").  The district court was correct to conclude that McClain's applicable sentencing range was the mandatory minimum, not the guidelines range subsequently lowered by Amendment 706. *See Hameed*, 614 F.3d at 268.

McClain contends that "a Guideline range may be one of many factors that determine the sentence imposed." *See Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) (Kennedy, J., plurality).  Under his theory, he would be eligible for a sentence reduction because the district court relied on *a* guidelines range that had been lowered

by Amendment 706, regardless of whether it was his applicable range. The broad language McClain cites from the plurality opinion in *Freeman* does not control the disposition of this case. *Freeman* addressed only the first statutory requirement under § 3582, the "based on" component, as it pertained to certain plea agreements. In *Dillon*, the Supreme Court took a "narrow view of proceedings" under § 3582(c)(2) and concluded that Congress authorized reductions only "'if such [] reduction[s] [are] consistent with applicable policy statements issued by the Sentencing Commission'" 130 S. Ct. at 2691 (quoting § 3582(c)(2)). The Sentencing Commission's policy statements explicitly provide that the mandatory minimum becomes a defendant's applicable range. Amendments 706 and 713 did not lower the mandatory minimum. McClain is ineligible for a sentence reduction.

### III.

A defendant's eligibility for a sentence reduction under § 3582(c)(2) depends on satisfying two conditions. First, the defendant must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Hameed*, 614 F.3d at 269. Second, the reduction must be "consistent with applicable policy statements" issued by the Sentencing Commission. *Id.* McClain satisfies only the first condition. The district court correctly decided that he was ineligible for a sentence reduction. We AFFIRM.

———————

## DISSENT

———————

MERRITT, Circuit Judge, dissenting. The *Hameed* case followed throughout the majority opinion to reach its conclusion is no longer good law. The case, *United States v. Hameed,* 614 F.2d 259 (6th Cir. 2010), was decided a year before July 13, 2011, when the Sentencing Commission issued a new Amendment No. 759 to its Guideline § 1B1.10 describing the method to be used for the reduction of crack cocaine sentences that have subsequently been lowered by the Commission. Not only has the Commission, by Amendment, altered the law, but after *Hameed* the Supreme Court in *Freeman v. United States*, 131 S. Ct. 2685 (2011), specifically reversed the law of the Sixth Circuit concerning the reduction of crack cocaine sentences under 18 U.S.C. § 3582(c)(2). As a result, the crack cocaine defendant here, McClain, is clearly eligible for a reduction under § 3582(c)(2). I will discuss the effect of Amendment 759 first and then the *Freeman* case.

For mandatory minimum cases in which the greater, mandatory sentence was reduced by the sentencing court following the government's substantial assistance motion, Amendment 759 added a new provision into § 1B1.10. In subsection (b)(2)(A), the Commission limits the reduction in crack cases to the "amended guideline range" provided by the new law.[1] In the new subsection (b)(2)(B), the Commission clearly permits a court to further reduce a crack sentence to the "appropriate" level in mandatory minimum, substantial assistance cases. The new subsection (b)(2)(B) reads as follows:

> (B)     *Exception for Substantial Assistance*. — If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the

———————

[1](2) *Limitations and Prohibition on Extent of Reduction. —*

(A)     *Limitation*. — Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

This new subsection was added after *Hameed*. For the court to deny the eligibility of a crack cocaine defendant to receive judicial consideration of a reduction under this subsection is simply to judicially repeal the Amendment the Commission passed a year ago.

In addition to the new language in Subsection (b)(2), Amendment 759 added new language to an "Application Note" on "Eligibility" for a reduction that requires the sentencing court to go back to the first section of the guidelines, § 1B1.1(a): "Eligibility . . . is triggered [by an amendment] . . . that lowers . . . the guideline range that corresponds to the *offense level* and *criminal history category* determined pursuant to § 1B1.1(a), which is determined before any consideration of any departure provision . . . or any variance.[2] Section 1B1.1(a) provides for the initial calculation that is always required at the beginning of calculating any Guideline sentence. In order to determine the "applicable guideline range" stated under this § 1B1.1(a) formula, we must calculate the "offense level and criminal history category," and so we must turn back to the very first section of the Guidelines and calculate steps 1 through 6. These six steps complete the calculation of the "offense level and the criminal history." This eligibility calculation, therefore, occurs before any consideration or calculation of any mandatory minimum sentence and departure from it. These steps require the calculation of such sentencing factors as the beginning guideline range, the role of the defendant, obstruction of justice issues and acceptance of responsibility. Thus the Application Note does not stand in the way of a reduction but complements § 1B10.1(b)(2)(B).

---

[2]The full sentence in the eligibility note now reads as follows:

(A)     *Eligibility*. — Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).

The recent case of *Freeman v. United States*, 131 S. Ct. 2685 (2011), came to a similar conclusion even before Amendment 759 was adopted. The Court said, "There is no reason to deny § 3582(c)(2) relief to [crack cocaine] defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range." *Id*. at 2690. Nor is § 3582(c)(2) designed to extend benefits "only" to "arbitrary subset[s] of defendants." *Id*. at 2690, 2695. The Court said that a common sense interpretation of the words "based on" in § 3582(c)(2) permitted the Court "to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence," *Id*. at 2692-93. The Court then went on to say that "there can be no doubt that the Guidelines sentencing range originally used to establish Freeman's term of imprisonment 'has subsequently been lowered by the Sentencing Commission,' § 3582(c)(2), such that the amendment 'ha[s] the effect of lowering [Freeman's] applicable guideline range,' § 1B1.10(a)(2)(B)." *Id.* at 2700 (Sotomayor, J., concurring). Thus, in *Freeman*, the Supreme Court harmonized the "based on" provision of § 3582(c)(2) with the "applicable guideline range" provision of guideline § 1B1.10(a)(2)(B).

Both the Sentencing Commission in Amendment 759 and the Supreme Court in *Freeman* are saying essentially the same thing: A sentencing court can revisit the earlier crack cocaine sentence under § 3582(c)(2) if the sentence was based on, at least in part, the old crack cocaine guidelines.

Overriding all of these interpretive considerations and textual analyses is one major reason that calls for redressing the serious injustice the criminal justice system has created in crack cocaine cases for the last several years, an injustice caused, as the Supreme Court noted in *Freeman*, by excessive crack cocaine sentences under the guidelines and excessive crack cocaine statutory mandatory minimums. The Sentencing Commission recognized this injustice when it issued Amendment 759. There is every reason to give the sentencing courts the opportunity to correct some of these injustices and reduce some of the massive increases in the still growing federal criminal prison

population.  It is now up to 220,000, a tenfold increase since 1980.  Reducing some of the excessive sentences would be a step toward a more just system of punishment.