**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1301n.06

No. 12-3561

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Dec 19, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CHANTELL L. DANIEL, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SILER, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM.  Chantell L. Daniel appeals the district court's order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

Daniel pleaded guilty to possession and distribution of 50.6 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  The district court determined that Daniel's base offense level was 28.  The court subtracted three levels for acceptance of responsibility, resulting in a total offense level of 25.  Based on a total offense level of 25 and a criminal history category of VI, Daniel's guideline range of imprisonment was 110 to 137 months.  Daniel was subject to a statutory mandatory minimum sentence of 120 months, however, which became the bottom of the guideline range.  The district court granted the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to depart downward from the mandatory minimum sentence and guideline range.  The court

granted Daniel a one-level departure, resulting in a guideline range of 100 to 125 months. The court sentenced Daniel to 100 months in prison.

Following amendments to the Sentencing Guidelines that reduced the base offense level for certain crack cocaine offenses, Daniel moved for a reduced sentence under § 3582(c)(2). The district court denied the motion, concluding that Daniel was ineligible for a sentence reduction. On appeal, Daniel argues that he is eligible for a reduced sentence because Amendment 750 both lowered the post-departure guideline range on which his sentence was based and lowered his applicable guideline range from 110 to 137 months to 92 to 115 months.

We review de novo a district court's conclusion that a defendant is ineligible for a sentence reduction under § 3582(c)(2). *United States v. McClain*, 691 F.3d 774, 776-77 (6th Cir. 2012). To be eligible for a reduction, a defendant must show that his sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission and that the reduction would be consistent with the Commission's applicable policy statements. *Id.* at 777. One such policy statement, which applies when a district court departs downward from the original guideline range on the basis of a defendant's substantial assistance, restricts the extent of a sentence reduction under § 3582(c)(2) to a comparable downward departure from the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(B) & cmt. n.3.

Despite Daniel's argument to the contrary, the 2011 amendments to U.S.S.G. § 1B1.10 cmt. n.1(A) do not demonstrate that a defendant's "applicable guideline range" is determined without reference to the statutory mandatory minimum sentence. *See* U.S.S.G. §§ 1B1.1(a)(8), 1B1.10 cmt. n.1(A)(ii), 5G1.1; *see also McClain*, 691 F.3d at 779. Consequently, because the low end of

Daniel's guideline range continued to be 120 months after the enactment of Amendment 750, he was not eligible for a reduced sentence because a comparable downward departure from the amended guideline range resulted in the same 100-month sentence that the district court originally imposed. *See* U.S.S.G. § 1B1.10(b)(2)(B) & cmt. n.3.

Accordingly, we affirm the district court's judgment.