**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0464n.06

Case No. 12-3519

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 27, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| PATRICK KELLEY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, GRIFFIN, and STRANCH, Circuit Judges.

**SILER, Circuit Judge**. Appellant Patrick Kelley pleaded guilty to possession of cocaine base ("crack") and being a felon in possession of a firearm. The district court sentenced him to 87 months' imprisonment in 2008, a few years before Congress enacted the Fair Sentencing Act ("FSA") and the Sentencing Commission passed Amendments 750 and 759 to the United States Sentencing Guidelines (the "Guidelines"). The FSA and the Guidelines amendments modified penalties for crack cocaine offenses, and Kelley sought to take advantage of the more favorable sentencing scheme through a 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. The district court denied Kelley's motion in 2012. Since that time, Sixth Circuit jurisprudence on the FSA and the amended Guidelines has developed significantly. In light of this new case law, we **AFFIRM** the district court's ruling.

**I.**

Kelley pleaded guilty to his charges in 2008. His plea agreement specified that he was subject to a mandatory minimum sentence of 20 years' imprisonment due to his prior felony drug conviction and the drug quantity at issue here. The plea agreement did not contain a recommended base offense level.

The presentence report ("PSR") grouped the cocaine and felon-in-possession offenses and provided a base offense level of 30 according to the USSG § 2D1.1 sentencing table, due to the attributable drug quantity of 56 grams of crack cocaine. The PSR suggested a two-level increase for possessing a firearm during the commission of the offense and a three-level decrease for acceptance of responsibility, resulting in an adjusted offense level of 29. Calculating his criminal history level to correspond to Criminal History Category IV, the Guidelines sentencing range was 121 to 151 months. However, the PSR noted that the cocaine offense required a mandatory minimum sentence of 240 months.

At the sentencing hearing, the government moved under USSG § 5K1.1 for a three-level reduction for Kelley's substantial assistance to the government, a request the district court granted. The court lowered the offense level from 29 to 26 for his substantial assistance. It also eliminated one of Kelley's criminal history points and reduced his criminal history to Category III. The court determined that his advisory sentencing range was 78 to 97 months, but acknowledged that his cocaine offense subjected him to a statutory minimum. The government moved for a downward departure from the statutory minimum under 18 U.S.C. § 3553(e) for Kelley's substantial assistance. The court sentenced Kelley to 87 months' imprisonment.

After Congress enacted the FSA and the Sentencing Commission amended the Guidelines, Kelley moved for a sentence reduction from 87 months to 51 months under

§ 582(c)(2). The district court denied Kelley's motion. It reasoned that, "if the mandatory minimum applies, there can be no reduction" under the numerous statutes and Guidelines provisions governing sentence reductions.

**II.**

Kelley presents one issue for review: whether the district court erred in finding Kelley ineligible for a sentence reduction under § 3582(c)(2). Ordinarily we review a district court's rulings on sentence reductions under § 3582 for abuse of discretion, but when the district court finds that the defendant is not eligible for a sentence reduction, we review the decision de novo. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

**III.**

**A.**

Kelley presents two principal arguments supporting his sentence reduction motion. We can easily dispose of the first, that the FSA's new mandatory minimums apply retroactively such that he is now subject to a 10-year statutory minimum as opposed to the 20-year statutory minimum governing his offense when the district court sentenced him in 2008. We recently held in an en banc decision that the FSA did not retroactively amend mandatory minimum sentences extant before its enactment and that criminal defendants could not use the FSA, § 3582(c)(2) or the Constitution to circumvent the holding that the FSA's new mandatory minimums do not apply to sentences imposed before the FSA took effect. *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). Thus, Kelley cannot apply the FSA to retroactively lower his mandatory minimum under § 3582(c)(2).

**B.**

Kelley's second argument involving the amended Guidelines is more nuanced. According to Kelley, the Guidelines amendments that reduce the penalties for crack cocaine offenses, which are retroactive, should apply to his sentence. Our case law compels a contrary conclusion.

After Congress enacted the FSA in 2010, the Sentencing Commission promulgated two amendments to the Guidelines relevant to Kelley's appeal. *United States v. Bell*, 731 F.3d 552, 554 (6th Cir. 2013). "Amendment 750 lowered the base offense levels for crack offenses in Guidelines § 2D1.1. Amendment 759 made Amendment 750 retroactive." *Id.* (internal citation omitted). In order to benefit from these amendments, Kelley would have to qualify for a sentence reduction under § 3582(c)(2), which is "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Section 3582(c)(2) reads:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The sentencing range that has been subsequently lowered is the drug quantity range for crack cocaine offenses found in USSG § 2D1.1. *See United States v. Hameed*, 614 F.3d 259, 266-67 (6th Cir. 2010) (construing the parallel Amendment 706); *United States v. Moody*, 526 F. App'x 576, 579 (6th Cir. 2013) (construing Amendment 750). The relevant applicable policy statement is USSG § 1B1.10(a)(2), which declares that the reduction in the defendant's term of imprisonment can only be authorized under an amendment that has the effect of lowering the defendant's applicable guideline range. *See Hameed*, 614 F.3d at 267.

More succinctly, to obtain a sentence reduction pursuant to § 3582(c)(2), Kelley must show that (1) his 87-month "sentence was 'based on' a sentencing range produced by reference to § 2D1.1," and (2) his "applicable guideline range" has been subsequently lowered. *Id.* at 262, 267.

**a.**

To determine whether a sentence was "based on" the § 2D1.1 sentencing range, we follow a "commonsense" approach and "look to what the district court actually said and did at the original sentencing." *Id.* at 264, 265 (internal quotation marks and citation omitted). In *Hameed*, the district court acknowledged that the defendant was subject to a mandatory minimum,[1] but after it granted the government's substantial-assistance motion, it "began [its] departure analysis from the base offense level applicable under § 2D1.1," adding levels for firearm possession and subtracting levels for acceptance of responsibility and substantial assistance. *Id.* at 264. Under those circumstances, which are quite similar to the situation Kelley faces, we held that the defendant's sentence was based on §2D1.1, the crack guidelines. *Id.* at 265-66 ("[I]t is beyond peradventure that the district judge in this case actually relied on the crack guidelines in selecting a final sentence for Hameed after granting the government's substantial-assistance motions. Under these circumstances, we have no difficulty concluding that Hameed's ultimate sentence was 'based on' a range dictated by § 2D1.1.").

In order to determine whether a sentence was based on a subsequently lowered Guidelines range, "we evaluate the particular circumstances of each defendant, including the parties' conduct, to determine whether a particular sentencing calculation was used." *United States v. McClain*, 691 F.3d 774, 778 (6th Cir. 2012). In *McClain*, the § 2D1.1 Guidelines range

---

[1] This fact is revealed upon review of the sentencing hearing transcript contained within the trial court record. [R. 101 at Page ID # 256].

was lower than the mandatory minimum, "meaning that the mandatory minimum became [the defendant's] sentencing range." *Id.* Nevertheless, after the district court granted a substantial-assistance departure, it "returned to a post-departure guidelines range calculated under § 2D1.1," and sentenced the defendant within the original § 2D1.1 Guidelines range reduced for substantial assistance. *Id.* Holding that "it cannot be said here that the district judge applied a sentencing range 'derived exclusively' from a mandatory minimum[,]" we found that the defendant's sentence was based on the § 2D1.1 Guidelines range that had been subsequently lowered. *Id.* (quoting *Hameed*, 614 F.3d at 264-65).

According to this precedent, a sentence is "based on" a particular sentencing range where the district court relied on that range in such a way as to render it foundational to the decision to impose a specific sentence. The Supreme Court would seemingly agree. In *Freeman v. United States*, 131 S. Ct. 2685 (2011), Justice Sotomayor determined that "[t]o ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment." *Id.* at 2695 (Sotomayor, J., concurring).[2]

Here, the district court relied upon the § 2D1.1 Guidelines range as the foundation for calculating Kelley's sentencing range. The district court stated that its approval of a three-level downward departure under USSG § 5K1.1 for substantial assistance "takes us from an offense level of 32 with three levels for acceptance of responsibility to a 29, and with three more levels to a 26 offense level." The offense level of 32 represents Kelley's base offense level under § 2D1.1, adjusted upward by two levels for possession of a firearm. Although the court did note that Kelley was subject to a mandatory minimum, it never referenced an offense level consistent

---

[2] Justice Sotomayor's opinion represents the applicable holding in the case. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013).

with the mandatory minimum. *See, e.g.*, *United States v. Williams*, 512 F. App'x 594, 598 (6th Cir. 2013). Instead, like the district courts in *McClain* and *Hameed*, after approving a substantial-assistance departure, the district court returned to the § 2D1.1 Guidelines range to impose a sentence. *See McClain*, 691 F.3d at 778; *Hameed*, 614 F. 3d at 265-66. Based on these specific facts, it is not difficult to determine that the district court's sentence was based on the § 2D1.1 guideline. Amendment 750 lowered this guideline by reducing Kelley's base offense level from 30 to 26. *Compare* USSG § 2D1.1(c)(5) (2008) *with* USSG § 2D1.1(c)(7) (2011).

**b.**

Because we hold that Kelley satisfied the first element of the § 3582 test, we move on to the second element analyzing his applicable guideline range.

**1.**

As stated in the Sentencing Commission's policy statement, a defendant is only entitled to a reduction in sentence under § 3582 if the Guidelines amendments lowered the defendant's "applicable guideline range." USSG § 1B1.10(a)(2). We first determine Kelley's applicable guideline range and then decide whether it has been lowered.

Unlike the "based on" element of the § 3582(c)(2) test where the factual context of the sentencing is the most pivotal information for the court's analysis, we predominantly rely on statutes and the Guidelines provisions to determine the applicable guideline range. Application Note 1(A), which is contained within the commentary to § 1B1.10, defines applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 App. n.1A. The applicable guideline range is thus "the range that results from applying [USSG] § 1B1.1(a),"

which contains eight subsections. *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013). In § 1B1.1(a)(8), the Sentencing Commission instructs courts to "determine from Parts B through G of Chapter Five the sentencing requirements and options related to . . . imprisonment." Part G of Chapter Five provides that mandatory minimums trump a lower sentencing range. USSG § 5G1.1(c)(2).

The interaction between §§ 1B1.1(a)(8) and 5G1.1 demands a conclusion that Kelley's 240-month mandatory minimum became his applicable guideline range. We previously explained that

> by the terms of §§ 1B1.1(a)(8) and 5G1.1, when a statutory minimum falls above a defendant's guideline range[,] . . . the statutory minimum became the defendant's new § 1B1.1(a) guideline range. And since the Application Note to § 1B1.10 now specifically equates a defendant's "applicable guideline range" with the range that results from the application of § 1B1.1(a), a statutory minimum that falls above a defendant's guideline range also becomes the defendant's "applicable guideline range."

*Joiner*, 727 F.3d at 605; *see also McClain*, 691 F.3d at 779-780 ("The Sentencing Commission's policy statements explicitly provide that the mandatory minimum becomes a defendant's applicable [guideline] range.").

Other Sixth Circuit cases strengthen this conclusion. In *Hameed*, we stated that, if a defendant's "mandatory minimum sentence exceeds the otherwise applicable Guidelines range," the mandatory minimum sentence replaces the sentencing range as the applicable guideline range, even where the district court used a base offense level prescribed by § 2D1.1 as its starting point. 614 F.3d at 268. In *McClain*, we determined that the "applicable guidelines range . . . is produced under the guidelines' sentencing table after a correct determination of the defendant's *total offense level* and criminal history category, but prior to any discretionary departures." 691 F.3d at 779 (internal question marks and citation omitted). Because the § 2D1.1 sentencing

range resulting from the total offense level was lower than the mandatory minimum, we held that

the defendant's "applicable sentencing range was the mandatory minimum." *Id.* ("Where a

mandatory minimum sentence exceeds the otherwise applicable Guidelines range[,] . . . it

replaces the Guidelines range." (quoting *United States v. Johnson*, 564 F.3d 419, 424 (6th Cir.

2009))).[3]

The mandatory minimum sentence–the applicable guideline range here–has not been

subsequently lowered. *See Blewett*, 746 F.3d at 652-53. The second part of Application Note

1(A) is supportive. It reads:

> [A] reduction in the defendant's term of imprisonment is not authorized under
> 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: . . .
> [Amendment 750] is applicable to the defendant but the amendment does not have
> the effect of lowering the defendant's applicable guideline range because of the
> operation of another guideline or statutory provision (e.g., a statutory mandatory
> minimum term of imprisonment).

USSG § 1B1.10 App. n.1A. Accordingly, the amendments at issue do not lower Kelley's

applicable guideline range, because the statutory mandatory minimum term of imprisonment

trumps his otherwise applicable guideline range.[4]

**2.**

Kelley makes numerous arguments challenging this interpretation of the term "applicable

guideline range." *First*, he contends that the applicable guideline range is calculated before the

district court applies the mandatory minimum. He reasons that because the language in

Application Note 1(A) to § 1B1.10 defining applicable guideline range corresponds to the

---

[3] The fact that the defendants in these cases sought a sentence reduction under Amendment 706 while the amendment at issue here is Amendment 750 is inapposite, because the purpose and general effect of the two amendments are parallel. *Williams*, 512 F. App'x at 596-98.
[4] We use the term "otherwise applicable guideline range" to refer to "the range that is calculated by reference to the defendant's total offense level and criminal history category, but that is replaced by the statutory mandatory minimum." *Williams*, 512 F. App'x at 599 n.3.

language in § 1B1.1(a)(7) explaining how to compute that range, the court calculates the applicable guideline range by applying § 1B1.1(a)(1) through (a)(7) and stopping shy of the (a)(8) reference to the mandatory minimum. However, the definition provided in § 1B1.10 Application Note 1(A) does not provide such a limitation, and accordingly, to determine the applicable guideline range, the court must apply all of § 1B1.1(a), including § 1B1.1(a)(8). *Joiner*, 727 F.3d at 606.

*Second*, Kelley seems to argue that, because the district court pierced the mandatory minimum and used the § 2D1.1 guideline to ultimately determine his sentence, the applicable guideline range here is that range used after the district court departed downward under § 5K1.1. As stated above, the Sentencing Commission defined the applicable guideline range as that range "determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 App. n.1A. Our case law on the issue confirms that the applicable guideline range is the pre-departure range. *See, e.g.*, *Joiner*, 727 F.3d at 604; *United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010).

*Third*, Kelley argues that when a sentence is "based on" a subsequently lowered sentencing range, that range should also serve as the "applicable guideline range." We have previously held that this is not always so. *See McClain*, 691 F.3d at 778-79 ("Although we conclude that McClain's sentence was 'based on' a guidelines range that has subsequently been lowered, . . . [t]he district court was correct to conclude that McClain's applicable sentencing range was the mandatory minimum."). Even though the district court reverted to the § 2D1.1 Guidelines range to impose a fair sentence, the mandatory minimum is the applicable guideline range here according to the Guidelines provisions covering mandatory minimums that are higher than otherwise applicable ranges. Moreover, the district court's only authority for basing its

sentence on the § 2D1.1 Guidelines range was the motion for a downward departure from the mandatory minimum. *See Hameed*, 614 F.3d at 268-69. In other words, the application of the mandatory minimum enabled the district court to employ § 5K1.1 to impose a reduction in the mandatory minimum for substantial assistance; this distinguishes the applicable guideline range from the sentencing range on which the sentence was based here.

*Fourth*, Kelley argues that § 1B1.10(b)(1) undermines our interpretation of applicable guideline range. According to this provision, to grant Kelley a reduction in his term of imprisonment,

> the court shall determine the amended guideline range that would have been applicable to the defendant if [Amendment 750] had been in effect at the time the defendant was sentenced. In making such a determination, the court shall substitute only [Amendment 750] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

USSG § 1B1.10(b)(1). Going through § 1B1.1(a) subsections, the sentencing court here must substitute the base offense level of 26 for 30 according to the demands of § 1B1.10(b)(1). The resulting offense level and corresponding sentencing range would be lower until the court employs § 1B1.1(a)(8), which again declares that the mandatory minimum trumps an otherwise applicable guideline range. Kelley's applicable guideline range remained the same despite the FSA and Guidelines changes. *See United States v. Hollins*, 505 F. App'x 437, 438 (6th Cir. 2012).

*Fifth*, Kelley posits that § 1B1.1(a) distinguishes between the guideline range and the guideline sentence, the former to be calculated before the latter. Kelley points out that the language in § 5G1.1(b), further exposes the dichotomy in the Guidelines between "range" and "sentence." In § 5G1.1(b), the Sentencing Commission provided, "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily

required minimum sentence shall be the guideline sentence." Resultantly, he contends that the Guidelines intend to differentiate between the applicable guideline range and mandatory minimum sentences. However, this is a distinction without significance in this context. First, we have determined that the language in § 5G1.1(b) dictates that the mandatory minimum sentence becomes the applicable guideline range where the mandatory minimum is greater than the § 2D1.1 range. *See Johnson*, 564 F.3d at 423. Second, as previously stated, the applicable guideline range is determined by applying each of the eight subsections of § 1B1.1(a), and here, § 1B1.1(a)(8) requires the replacement of the § 2D1.1 range with the statutory mandatory minimum. *Williams*, 512 F. App'x at 600.[5] This can be a single temporal point without losing its status as the applicable guideline range. *Id.*

In *Williams*, we declared that "[t]he general import of 'range' in the guideline architecture is to specify all possible sentences that a judge can give without entering the areas of considerations of departures from the guideline range as governed by §§ 5K1.1-5K2.24 of the guidelines." *Id.* at 601 (quoting *United States v. Jones*, 569 F.3d 569, 575 (6th Cir. 2009) (internal quotation marks and citation omitted)). Therefore, the Sentencing Commission's use of the terms "range" versus "sentence" is intentional, but does not create the distinction Kelley would have us recognize. *See id.* at 601 n.5 ("We reject the suggestion . . . that U.S.S.G. § 5G1.1(b) is susceptible to [the] . . . interpretation[] . . . that the 'applicable guideline range' is a distinct concept from the 'guideline sentence,' and where a mandatory minimum sentence applies, that mandatory minimum becomes the guideline sentence under § 5G1.1(b), but the

---

[5] The portion of the *Williams* opinion discussing the applicable guideline range appears to be dicta, because we had already determined that the district court correctly denied the § 3582 motion as the sentence was not based on a Guidelines range that had been subsequently lowered. 512 F. App'x at 600. Nevertheless, we find the opinion's applicable guideline range analysis to be sound, well-reasoned, and instructive.

guideline range remains the same. This interpretation conflicts with prior Sixth Circuit precedent." (internal citations omitted)).

*Sixth*, Kelley argues that if we find that his mandatory minimum was his applicable guideline range, § 1B1.10(b)(2)(B) would have no meaning. This subsection provides:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

USSG § 1B1.10(b)(2)(B). Application Note 3, which comments upon this provision, explains that, where a defendant provides substantial assistance such that the government moves for a downward departure, "the court may reduce the defendant's term, but the reduction is not limited by subsection (b)(2)(A) to the minimum of the amended guideline range. Instead . . . the court may, if appropriate, provide a reduction comparably less than the amended guideline range." USSG § 1B1.10 App. n.3. He further supports this argument by citing to a Sentencing Commission Report, which states that defendants who provide substantial assistance are differently situated than other defendants. Notice of Final Action, 76 Fed. Reg. 41332-01 (July 13, 2011). Kelley's argument is overbroad. We have previously determined that the interpretation of the Guidelines as followed here permits ample room for § 1B1.10(b)(2)(B) to have substance. *Joiner*, 727 F.3d at 606-07. In the situation where the original § 2D1.1 Guidelines range entirely exceeds the statutory mandatory minimum, the defendant could obtain a sentence reduction under a guideline that has been lowered by utilizing USSG § 1B1.10(b)(2)(B). *Id.* at 607 ("Thus, Joiner's argument that our definition of 'applicable guideline range' would render § 1B1.10(b)(2)(B) mere surplusage is not well taken."); *see also Williams*, 512 F. App'x at 601-02.

While Kelley's arguments are reasonable, they are ultimately unavailing. His sentence was based on a Guidelines range that was subsequently lowered, but his applicable guideline range, that is, the 240-month mandatory minimum, was not. Accordingly, he is ineligible to receive a sentence reduction under 18 U.S.C. § 3582(c)(2).

AFFIRMED.

JANE B. STRANCH, concurring in the judgment. I reluctantly concur in the result reached by the majority opinion. I do so only because I am bound by two recent cases denying sentencing reductions under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 to defendants who were initially subject to a statutory minimum sentence higher than the guideline range, even though the statutory minimum sentence was not imposed because the government moved to depart downward for substantial assistance. *See United States v. Taylor*, 749 F.3d 541 (6th Cir. 2014); *United States v. Joiner*, 727 F.3d 601 (6th Cir. 2013). The majority applies *Joiner* and *Taylor* to reach a similar result in Kelley's case. I do not agree that a statutory minimum sentence that was not imposed at the original sentencing should be denominated the "applicable guideline range" so that a defendant may be denied eligibility for a sentencing reduction under § 3583(c)(2) and USSG § 1B1.10(a)(1). Because Kelley's sentence was actually "based on" the drug guideline, USSG § 2D1.1, which has been subsequently lowered by the Sentencing Commission, I would hold Kelley is eligible for a sentencing reduction.

At the original sentencing, the district court attributed a drug quantity of 56 grams of crack cocaine to Kelley. That drug amount, combined with a statutory sentencing enhancement, subjected Kelley to a statutory minimum sentence of imprisonment of twenty years or 240 months under 21 U.S.C. § 841(a) & (b)(1)(A). Under the version of USSG § 2D1.1 in effect at the time of sentencing, Kelley had a base offense level of 30, which increased by two levels to 32 due to his possession of a firearm. With a three-level reduction for acceptance of responsibility, Kelley's total offense level was 29. Level 29 and criminal history category III produced an advisory guideline range of 108 to 135 months of imprisonment. By operation of USSG § 5G1.1(b), however, the statutory minimum of 240 months "trumped" the guideline range and became the "guideline sentence."

The government did not ask the district court to sentence Kelley to 240 months in prison. Instead, the government sought to reward Kelley for the substantial assistance he provided to the government in investigating and prosecuting other defendants. To facilitate that reward, the government moved for downward departure under both 18 U.S.C. § 3553(e), to allow the court to sentence below the statutory minimum, and USSG § 5K1.1, to allow the court to sentence below the bottom of the guideline range. The district court granted the motions and lowered Kelley's offense level to 26. With a criminal history category of III, the guideline range was 78 to 97 months. The court imposed a sentence of 87 months of imprisonment.

Section 3553(e) provides that a district court "shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense," but *only* "[u]pon motion of the [g]overnment." Section 5K1.1 similarly provides that the district court "may depart from the guidelines" based on the defendant's substantial assistance, but *only* "[u]pon motion of the government." Only the government holds the power to render a cooperating defendant eligible for a substantial assistance departure from the statutory minimum sentence or the guideline range. *See United States v. Hawkins*, 274 F.3d 420, 426 (6th Cir. 2001). Once the government makes a motion for downward departure based on substantial assistance, the district court has authority to decide whether a departure is appropriate and the extent of any such departure. *United States v. Rosenbaum*, 585 F.3d 259, 264 (6th Cir. 2009).

The government's conscious choice to make a motion under § 3553(e) and/or § 5K1.1 constitutes a knowing and voluntary waiver of the right to enforce the statutory minimum

sentence or the guideline range. The Sentencing Commission recognized the government's

ability to waive its rights in the commentary to § 2D1.1:

> Where a mandatory (statutory) minimum sentence applies, this mandatory
> minimum sentence ***may be "waived"*** and a lower sentence imposed (including a
> downward departure), as provided in 28 U.S.C. § 994(n), by reason of a
> defendant's "substantial assistance in the investigation or prosecution of another
> person who has committed an offense." *See* § 5K1.1 (Substantial Assistance to
> Authorities).

USSG § 2D1.1, comment. (n.7) (2007). *See also* USSG § 2D1.1, comment. (n. 23) (2013).

Note the Sentencing Commission's language: a statutory minimum sentence may be

***waived***, and Congress provided by statute that only the government has the power to initiate the

waiver by making a motion under § 3553(e). Similarly, the government ***waives*** the right to

request a sentence within a guideline range when it makes a motion to depart downward for

substantial assistance under § 5K1.1. The government's waiver allows the district court to

impose a sentence below the statutory minimum or below the bottom of the guideline range. *See*

*United States v. Doe*, 731 F.3d 518, 528 (6th Cir. 2013) (Cole, J., concurring in part and

concurring in the judgment) (noting that a substantial assistance motion "effectively 'waive[s]'

the mandatory minimum" and "[w]ithout a mandatory minimum at work, nothing prevents

Amendment 750 from having 'the effect of lowering' the sentence the [defendant] did receive").

*See also Taylor*, 749 F.3d at 552 (Donald, J., dissenting) (observing that the "sole function" of a

§ 3553(e) motion "is to render the normal statutory minimum inoperative").

"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely

assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'"

*United States v. Olano*, 507 U.S. 725, 733 (1993). "Waiver, unlike mere forfeiture, extinguishes

[the] ability to raise the claim at all." *United States v. Moore*, 93 F. App'x 887, 892 n.6 (6th Cir. 2004).

Where the government affirmatively chooses to move for a downward departure for substantial assistance under § 3553(e) or § 5K1.1 or both, the government *waives*—that is, it intentionally relinquishes or abandons—its right to enforce the statutory minimum sentence or the guideline range. The government's waiver extinguishes its ability to make two arguments in a future sentencing reduction proceeding under § 3582(c)(2).

First, the government's waiver precludes it from asserting that the defendant's sentence was actually "based on" the very same statutory minimum sentence that the government knowingly and voluntarily waived at the original sentencing. Second, the government's waiver prevents it from contending that the "applicable guideline range" referred to in USSG 1B1.10(a)(1) is the statutory minimum sentence and therefore, the defendant is ineligible for a sentencing reduction because he has not shown that he was sentenced under a guideline range that "has subsequently been lowered as a result of an amendment to the Guidelines Manual." USSG § 1B1.10(a)(1).

We routinely enforce knowing and voluntary waivers of rights made by criminal defendants. S*ee e.g.*, *United States v. Hockenberry*, 730 F.3d 645, 672 (6th Cir. 2013); *United States v. Wendlandt*, 714 F.3d 388, 398 (6th Cir. 2013). We should likewise enforce knowing and voluntary waivers made by the government.

At Kelley's original sentencing, the government waived the statutory minimum sentence of 240 months, and Kelley was sentenced under the drug guideline, § 2D1.1. I agree with the majority opinion that Kelley's sentence was, in fact, "based on" the drug guideline and not on the statutory minimum sentence. *See Freeman v. United States*, 131 S. Ct. 2685, 2695 (Sotomayor,

J., concurring in the judgment) ("To ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment.")  Section 2D1.1 served "as the basis or foundation" for Kelley's sentence.  Because the sentence was "based on" a drug guideline that was subsequently lowered by the Sentencing Commission in Amendments 750 and 759, I would hold that Kelley is eligible for a sentencing reduction under § 3582(c)(2) and USSG § 1B1.10.  The district court should decide whether to grant Kelley a sentencing "reduction comparably less than the amended guideline range" to reward him for his substantial assistance.  USSG § 1B1.10(b)(2)(B).

Accordingly, if I were writing on a clean slate, I would find Kelley eligible for a sentencing reduction and remand the case to the district court for resentencing.  Where the government expressly **waives** application of a statutory minimum as it did here, we should enforce that waiver in a subsequent sentencing reduction proceeding under § 3582(c)(2).  We should not allow the government to resurrect a position that it knowingly and voluntarily disclaimed at the original sentencing.  The majority opinion, *Joiner*, and *Taylor* unfairly absolve the government of its express waiver and wrongly penalize the defendant by denying eligibility for a sentencing reduction that unquestionably exists.

I may be bound by our case precedent, but I am not required to agree with it.  I concur only in the judgment.